*459 The opinion of the Court was delivered by
Wardlaw, Ch.
We approve the result of the Circuit decree and consider it superfluous to add much to the Chancellor’s reasoning.
It is loosely asserted in the decree that the agreement of the parties of January 3, 1854, superseded their former contract of June 18, 1853, except as it is referred to for ascertainment of the sum of the purchase money and the time of payment. It would have been more accurate to speak of the former contract as still subsisting, although modified by the latter aS to the terms of payment. ' That this was the meaning of the Chancellor is manifest from his remark that the two instruments are to be construed in pari materia.
The objection to the decree which has been principally pressed here, is that the plaintiff was not bound by contract to purchase, and from lack of mutuality the defendant’s agreement to sell is without consideration. This' objection is not suggested in the answer, nor was it argued on circuit, nor is it explicitly stated in any ground of appeal. It would be difficult to maintain the fact, which is the basis of this argument, that the plaintiff was not, from the beginning, bound by a valid agreement to purchase, but conceding, for the discussion, that he was not bound, until, by his letter, he required titles, and offered to perform all the stipulations on. his part to be performed, he was certainly thenceforward bound, and thus consummated his title to' the remedy of the Court. If it were granted that before this letter the defendant had the right to retract his offer to sell, still in fact he never did retract it, and in the last of his numerous letters to plaintiff of January 6, 1857, he offers to convey, although he urges that his misconstruction of the agreement was justified by two letters of the plaintiff to him. It has been always held that the requirements of the statute of frauds concerning agreements to convey lands, were fulfilled by the signature to the contract of the party to be bound, where the adverse party by bringing his bill, or any writing, affirms the contract. In truth the *460 whole dispute between the parties is whether for the years 1855 and 1856-.rent, at the rate of $140 a year, or double that sum, as interest on the purchase money, should be paid by plaintiff, and as we concur in the plaintiff’s construction of the contract as to this particular, it is ridiculous excess to elaborate the case.
It is ordered and decreed that the appeal be dismissed and the circuit decree be affirmed.
Johnston and'Dunkin, CC., concurred.

¡Appeal dismissed.